IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Thomas E. Webb, | ) | Case No. 8:15-cv-01310-JMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 18.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 19, 2015.[1]  [Doc. 1.] On June 22, 2015, Respondent filed a motion for summary judgment and a return and memorandum.  [Docs. 18, 19.]  On June 24, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 20.]  Petitioner filed a response in opposition on July 30, 2015.  [Doc. 29.]

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on March 19, 2015.  [Doc. 1-1 at 4 (envelope marked as received by prison mailroom on March 19, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is incarcerated in the Lieber[2] Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Horry County. [Doc. 1 at 1.] Petitioner was indicted in January 2006 for burglary, first degree; two counts of armed robbery; and two counts of kidnapping. [App. 361–370.[3]] On March 3, 2008, represented by Stuart Axelrod ("Axelrod") and Joshua Bailey, Petitioner proceeded to trial.[4] [App. 1–306.] At the conclusion of the trial, the jury returned a verdict of guilty on all charges. [App. 281.] Petitioner was sentenced to 30 years imprisonment for the burglary, first degree, and 15 years for one count of armed robbery, to run consecutive; Petitioner was further sentenced to 15 years for the second armed robbery

---

[2]At the time he filed the Petition, Petitioner was confined at Lee Correctional Institution [Doc. 1 at 1], but on August 17, 2015 Petitioner filed a notice of change of address updating his address, and he is currently confined at Lieber Correctional Institution [Doc. 33]. A prisoner's immediate custodian—the warden of the facility where the prisoner is being held—is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to Lieber Correctional Institution.

[3]The Appendix can be found at Docket Entry Numbers 27-1 through 27-3.

[4]Petitioner was represented by two attorneys at trial; however, it appears he is alleging ineffective assistance of counsel claims with respect to only Alexrod. [*See* Doc. 1 at 13 (Petition listing only Axelrod as Petitioner's attorney at trial).]

2

charge and 30 years for each kidnapping charge, to run concurrent.  [App. 290–91; Doc. 1 at 1.]

**Direct Appeal**

Petitioner appealed his conviction.   Lanelle C. Durant of the South Carolina Commission on Indigent Defense filed a brief on Petitioner's behalf, dated April 20, 2009, in the South Carolina Court of Appeals, raising the following issues:

> 1.  Did the trial court err in allowing the solicitor to refer to the defendant as a "wild animal" in his opening statement and in his closing argument which denied appellant the right to a fair trial because it inflamed the passion and prejudice of the jury and injected an arbitrary factor into the jury's deliberations?
>
> 2.  Did the trial court err in allowing the solicitor to include in his closing statement facts about appellant's hair which were not in evidence and which were prejudicial to appellant?
>
> 3.  Did the trial court err in not allowing defense counsel to fully cross examine State's witness Joy Hines and Officer Mann concerning the third co-defendant Randy Gaunt which interfered with Appellant presenting a complete defense?

[Doc. 19-4 at 5.]  The South Carolina Court of Appeals affirmed Petitioner's conviction on July 7, 2010.  [Doc. 19-6.]  Petitioner filed a petition for rehearing, which the South Carolina Court of Appeals denied.  [Docs. 19-7, 19-8.]  Petitioner then filed a petition for writ of certiorari in the Supreme Court of South Carolina; the Supreme Court of South Carolina denied the petition.  [Docs. 19-9, 19-11.]  Remittitur was issued on November 7, 2011. [Doc. 19-12.]

**PCR Application**

On December 20, 2011, Petitioner filed a pro se application for post-conviction relief ("PCR"), in which he alleged he was being held in custody unlawfully based on the following grounds:

(a)    ineffective Counsel,

(b)    Prosecutor aware defendant c[ouldn']t read,

(c)    See attached.

[App. 309.] As supporting facts for his grounds, Petitioner stated:

(a)    Counsel did not bring forth co-defendants

(b)    Counsel was aware defendant co[uldn']t read

(c)    Counsel fail to notify defendant of rights during trial

[App. 313.]  Petitioner also filed an attachment, in which he alleged:

Issue <u>one</u>

Counsel didn't help me at all.  It was insufficient and ineffective.

Counsel never warned me of my rights

Issue <u>two</u>

Prosecutor violated my rights by calling me an animal.

Prosecutor defamed my character

Issue <u>three</u>

Prosecutor knew I was unable to read or write.  So I was never explain every thing in full by Counsel

Counsel didn't fight for me to protect my rights

Counsel told me not to take the stand.

[App. 314.]  The State filed a return, dated February 1, 2012.  [App. 315–19.]

A hearing was held on March 17, 2014, at which Petitioner was represented by Daniel Selwa.  [App. 321–50.]  The PCR court filed an order denying and dismissing the PCR application with prejudice on April 15, 2014.  [App. 351–360.]

A notice of appeal was timely filed.  David Alexander ("Alexander") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson*[5] petition for writ of certiorari, dated November 19, 2014, in the Supreme Court of South Carolina asserting the following as the sole issue presented:

> Whether petitioner's Sixth Amendment right to effective assistance of counsel was violated when his attorney acquiesced in the trial judge's limitation of his cross-examination of a co-defendant who identified him as the perpetrator of the robbery?

[Doc. 19-14 at 3.]  At the same time, Alexander filed a petition to be relieved as counsel.

[*Id.* at 11.]  Petitioner filed a pro se brief, dated December 15, 2014, raising the following issue, quoted substantially verbatim:

> Trial counsel was ineffective by failing to properly preserve for appellate review, a trial court error, which denied defense counsel to fully cross examine State's witnesses JOY HINES and OFFICER MANN concerning a third co-defendant RANDY GAUNT which interfered with applicant presenting a complete defense - and - whether PCR Counsel's negligence under Rule 71.1 of the Uniform Post-Conviction Act (SCRCP), denied applicant due process by not raising this matter at applicant's initial collateral review hearing.

---

[5]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988).

5

[Doc. 19-16.]  The Supreme Court of South Carolina denied the petition and granted Alexander's request to withdraw on March 4, 2015 [Doc. 19-17] and remitted the matter to the lower court on March 20, 2015 [Doc. 19-18].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on March 19, 2015.  [Doc. 1.]  In his Petition, Petitioner raises the following grounds for relief, quoted substantially verbatim:

> **Ground One**:    defendants has a right to assistance of counsel for his defense
>
> *Supporting Facts*:  I was denial due process Amendment 6th
>
> **Ground Two**:    Prosecutor violated defendants rights
>
> *Supporting Facts*:  I was denial due process of law

[Doc. 1.]

As stated, on June 22, 2015, Respondent filed a motion for summary judgment. [Doc. 18.]  On July 30, 2015, Petitioner filed a response in opposition.   [Doc. 29.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court

6

can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this

7

standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

8

## Habeas Corpus

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).   Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).   Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)     (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6] Further, strict time deadlines govern direct appeal and the filing

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South Carolina is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the Supreme Court of South Carolina] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re*

---

to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and
> efficiency of judicial decisions, but also the finality of those
> decisions, by forcing the defendant to litigate all of his claims
> together, as quickly after trial as the docket will allow, and while
> the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

15

## **DISCUSSION**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state

16

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

**Ground One**

The Court construes Ground One as raising a claim that Axelrod was ineffective for failing to properly cross-examine Joy Hines ("Hines") and Selena Mann ("Mann").[7] The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s

---

[7]Respondent argues that summary judgment is appropriate with respect to Ground One because Petitioner's allegation is overly vague. [Doc. 19 at 13.] However, in light of Petitioner's pro se status and liberally construing his filings, the Court will construe Ground One as raising the only preserved ineffective assistance of counsel issue. The PCR court ruled on the issue of ineffective assistance of trial counsel for failing to meaningfully cross-examine Hines and Mann, and Petitioner raised this issue in his *Johnson* and pro se petitions for writ of certiorari. [App. 357–58; Docs. 19-14; 19-15.] Accordingly, the Court will address the merits of this argument.

standard."[8]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."  *Id.*; *see also  Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent.  *Id.*

Here, the PCR court addressed Axelrod's performance under the standard set forth in *Strickland*.  [App. 355.]  The PCR court found

> Applicant has also not shown trial counsel was ineffective in his cross examination of Hines and Investigator Mann.  The Court of Appeals held trial counsel "did not object

---

[8]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692.  The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

to the trial court's limitations" on his cross-examination of these witnesses regarding the co-defendant's statement, and refused to consider these arguments on appeal. This Court finds that holding curious as it appears that trial counsel asked questions, the solicitor objected, and the objections were sustained. However, the Court cannot discern what this further cross-examination would have yielded. It appears trial counsel was simply trying to show the jury there were conflicting accounts of the robbery. Even though Judge Cottingham sustained the solicitor's objections on hearsay grounds, trial counsel accomplished his goal of getting those conflicting accounts in front of the jury.

Furthermore, trial counsel was able to thoroughly impeach the only witness, [Hines], who could identify Applicant as being a robber. Trial counsel questioned her about her pending charges, her inconsistent prior statement, and her history of drug use. In light of this thorough cross-examination, Applicant has not shown he was prejudiced by the lack of testimony regarding conflicting stories form the other co-defendant. See Edwards v. State, 392 S.C. 449, 459, 710 S.E.2d 60, 66 (2011) ("[W]here evidence produced during PCR proceedings is cumulative to or does not otherwise aid evidence introduced at trial, no prejudice results from counsel's failure to bring it forward" (citations omitted)).

[*Id.* at 357–58.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded that Petitioner failed to establish that Axelrod's representation fell below an objectively reasonable standard or any resulting prejudice. [App. 359.]

The record supports the PCR court's determination. At the PCR hearing, Axelrod testified that he was able to cross-examine the state's witnesses. [App. 341.] Axelrod

stated that he did not believe that any limitations on his ability to cross-examine Mann affected his ability to represent Petitioner. [App. 341–42.] Axelrod testified that he believed he had made a mistake in failing to object to the limitations on his cross-examination [App. 342]; however, he further testified that he was able to impeach Hines with information regarding her prior inconsistent statements and her drug use at the time the crimes were committed [App. 344–45]. Thus, Petitioner has not demonstrated that he was prejudiced as a result of his counsel's alleged deficiency and, therefore, he cannot satisfy the second prong of *Strickland*. Moreover, Petitioner has not shown that the PCR court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law or, even if there was an error, that it was unreasonable. Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (internal citation omitted)); *Williams v. Taylor*, 529 U.S. at 410. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

**Ground Two**

20

The Court construes Ground Two as alleging that, at trial, the prosecutor violated Petitioner's due process rights by calling him a "wild animal" during his opening and closing statements.[9]  [*See* Doc. 1 at 7.]  To prevail on a claim of prosecutorial misconduct, a petitioner must show that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The Supreme Court has observed, "When specific guarantees of the Bill of Rights are involved, this Court has taken special care to assure that prosecutorial conduct in no way impermissibly infringes them."  *Id.*  In this case, Petitioner has not alleged he was deprived of a right guaranteed by the Bill of Rights, such as the right to counsel or the privilege against compulsory self-incrimination.  *See id.* (citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972); *Griffin v. California*, 380 U.S. 609 (1965)).

The South Carolina Court of Appeals considered this issue in Petitioner's direct appeal.[10]  The Court of Appeals found

---

[9]Respondent argues that summary judgment is appropriate with respect to Ground Two because it is too vague [Doc. 19 at 13]; but Respondent also addresses the merits of this claim because it is the only prosecutorial misconduct claim that was raised to and ruled on by the PCR court [*id.* at 18].   Further, while this claim was brought in Petitioner's direct appeal as an allegation of trial court error, it appears the South Carolina Court of Appeals also addressed the claim as one of prosecutorial misconduct.  [Docs. 19-4, 19-6]  Thus, liberally construing Petitioner's filings and in light of his pro se status, the Court will address the merits of this claim.

[10]The PCR court briefly addressed this issue and found that Petitioner failed to meet his burden of proving prosecutorial misconduct and that the issue had been presented to the South Carolina Court of Appeals.  [App. 358.]  The PCR court refused to address the merits of this claim because it determined the South Carolina Court of Appeals had previously rejected Petitioner's argument; however, the PCR court agreed with the South Carolina Court of Appeals that "the solicitor's comments did not so infect the trial with unfairness as to make Applicant's conviction a denial of due process" and that there was evidence of overwhelming guilt.  [*Id.*]  Petitioner failed to raise any allegations of prosecutorial misconduct in either the *Johnson* petition or his pro se petition for writ of

Given the facts of this case, we find that solicitor's comments did not infect the trial with unfairness so as to deprive Webb of a fair trial. This case is similar to <u>Randall</u>, 356 S.C. 639, 591 S.E.2d 608. In <u>Randall</u>, our supreme court held a solicitor's closing argument wherein he referred to the defendant drug dealers as "dirty cockroaches" did not require a new trial because there was strong evidence of the defendants' guilt. 356 S.C. at 643. 591 S.E.2d at 610. The court also noted the solicitor's "dirty cockroach" argument only consisted of ten lines of the transcript and was not repeated throughout the trial. <u>Id</u>. at 643, 591 S.E.2d at 611.

Here, there was strong evidence of Webb's guilt. Joy Hines testified she dropped Webb and Gaunt off at the motel the night of the robbery, and they returned to the car with the gun, wallet, camera, and stolen credit cards. Webb, Gaunt, and Hines were also caught on surveillance cameras at Wal-Mart a short time after the robbery using the Prices' stolen credit cards. Moreover, Webb was arrested with Mrs. Price's jewelry in his possession, and the gun and stole camera were found inside his apartment. Furthermore, the objected-to "wild animal" argument was not repeated throughout the trial. Accordingly, we find the solicitor's comments did not so infect the trial with unfairness as to make Webb's conviction a denial of due process.

[Doc. 19-6 at 5.] The Court finds the South Carolina Court of Appeals' summary of the record is appropriate. Accordingly, the Court concludes that the state court's dismissal of Petitioner's claim of prosecutorial misconduct was not an unreasonable application of federal law because Petitioner failed to show any misconduct by the prosecutor that made Petitioner's trial so unfair that Petitioner's conviction was a denial of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181–82 (1986) (holding that defendant received a fair trial even though the prosecutor referred to him as an "animal" when the "prosecutors' argument  did not manipulate or misstate the evidence, nor did it implicate other specific

---

certiorari [*see* Docs. 19-14, 19-16]; accordingly, this issue is preserved only through Petitioner's direct appeal.

rights of the accused such as the right to counsel or the right to remain silent").

Accordingly, Petitioner is not entitled to federal habeas review with respect to this claim.[11]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

January 28, 2016
Greenville, South Carolina

---

[11]To the extent that Petitioner attempts to raise any other grounds in his response in opposition to the motion for summary judgment [see Doc. 29], new matters cannot be raised in a response in opposition to a motion for summary judgment, Temple v. Oconee Cty., C/A No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014) (citing White v. Roche Biomedical Labs., 807 F.Supp. 1212, 1216 (D.S.C. 1992)), and the Court will not address these arguments. Moreover, as explained, supra, the Court has addressed Petitioner's only preserved claims of prosecutorial misconduct and ineffective assistance of counsel. Any other claims of prosecutorial misconduct and ineffective assistance of counsel were not fairly presented to the Supreme Court of South Carolina and are procedurally barred from federal habeas review unless Petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred. See Coleman, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); Wainwright, 433 U.S. at 87; Matthews, 105 F.3d at 915. Petitioner does not allege that he can establish cause and prejudice with respect to any of his defaulted grounds or that he is actually innocent. See Kornahrens, 66 F.3d at 1363 (holding that when a petitioner does not raise cause and prejudice, the court need not consider the defaulted claim). Accordingly, even if the Court considered these grounds as raised in the Petition, they are procedurally barred.

23